# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

ROBERT ALLEN HARTMAN
and DOREEN HARTMAN,

**Debtors.**

**Bankruptcy Case
No. 08-41100-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Craig R. Jorgensen, Pocatello, Idaho, Attorney for Debtors.

    Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho,
Attorney for Chapter 7 Trustee R. Sam Hopkins.

### *Introduction*

Debtors Robert Allen and Doreen Hartman, acting through their counsel, Craig Jorgensen ("Counsel"), filed a Motion to Set Aside Order Disallowing Claim of Exemptions. Docket No. 45. The chapter 7[1] trustee

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the

MEMORANDUM OF DECISION - 1

R. Sam Hopkins ("Trustee") opposes the motion. Docket Nos. 47, 48. The Court conducted a hearing on the motion on October 13, 2009, and took the issues under advisement. The Court has considered the submissions of the parties, the arguments of counsel, as well as the applicable law, and now issues the following decision disposing of the issues.[2]

### *Facts and Procedural History*

On November 6, 2008, Debtors filed a chapter 7 petition. Docket No. 1. Under "Interests in insurance policies" on schedule B, Debtors listed a Northwestern Mutual insurance policy ("NM Policy") and valued it at $1,000. *Id*. They claimed the NM Policy exempt in the amount of $800 on schedule C pursuant to Idaho Code § 11-605(10). *Id*. Debtors also listed a retirement account belonging to Doreen Hartman, designated as American Funds #56533269 ("IRA"), valued at $17,000, on schedule B. *Id*. Debtors did not claim the IRA exempt on schedule C.

---

Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037. Provisions of the Federal Rules of Civil Procedure are referred to as "Civil Rule."

[2] This Memorandum contains the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

On December 23, 2008, Trustee objected to Debtors' claim of exemption in the NM Policy. Docket No. 22. When no response to the objection was filed, on March 2, 2009, Trustee requested that an order be entered sustaining his objection. Docket No. 33. Later that same day, Debtors filed an amended schedule C, in which they not only again claimed the NM Policy exempt in the amount of $800, but also added a claim of exemption in the IRA for $17,000. Docket No. 34. The following day, March 3, 2009, a Clerk's order[3] was entered sustaining Trustee's objection and disallowing the original claim of exemption in the NM Policy. Docket No. 35.

On March 18, 2009, Trustee filed an objection to Debtors' amended claim of exemption in the IRA and the NM Policy. Again, Debtors failed to respond to Trustee's challenge. On May 6, 2009, Trustee filed an Affidavit of No Objection, Docket No. 39, and on May 8, 2009, the Court entered an order disallowing the claims of exemption in both the NM Policy and the

---

[3] The Court has delegated authority to the Clerk to enter orders sustaining unopposed trustee objections to a debtor's claim of exemptions. General Order No. 1, amended most recently on April 21, 2005 (General Order 193).

MEMORANDUM OF DECISION - 3

IRA.  Docket No. 40.

About three months later, on August 20, 2009, Debtors filed the instant Motion to Set Aside Order Disallowing Claim of Exemptions. Docket No. 45.

*Analysis and Disposition*

Debtors ask the Court to set aside its order disallowing their claims of exemption in the IRA as well as the NM Policy pursuant to Rule 9024.[4] That Rule makes Civil Rule 60 applicable in bankruptcy proceedings, and Civil Rule 60(b) provides, in relevant part:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect."  Civil Rule 60(b)(1).[5]  Via their motion,

---

[4] Debtors also invoke Rule "2055(c)" to support their motion, but of course, there is no such rule.  The Court presumes this was a typographical error, and that Debtors intended to cite Rule 7055, a rule allowing the Court to set aside a default.  However, Rule 7055 provides that "[Civil] Rule 55 F. R. Civ. P. applies in adversary proceedings . . . " and since Trustee's objection to their claim of exemptions was filed in the main bankruptcy case, not in connection with any adversary proceeding, Civil Rule 55 is inapplicable here.

[5] In his affidavit and brief, Counsel relies solely upon excusable neglect as the basis for his motion.  Docket No. 45.

MEMORANDUM OF DECISION - 4

Debtors seek the right to oppose Trustee's objection and to argue that their amended exemption claims should be allowed.[6]

1.  Civil Rule 60(b)(1) Standards.

As noted above, Civil Rule 60(b)(1) allows the Court to relieve a party from the burdens of a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ."  The Court's treatment of a Civil Rule 60(b) motion is not rigid, but instead requires the Court to equitably consider all relevant circumstances surrounding a party's, or its lawyer's, error or omission.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.

---

[6] Debtors appear to misapprehend the status of this litigation.  As Trustee has pointed out, while Debtors did include the IRA on their schedule B, they failed to claim it as exempt on their original schedule C.  Docket No. 1.  Because no exemption in the IRA was claimed, Trustee naturally had no reason to object. It was only when Debtors amended schedule C on March 2, 2009, that they for the first time claimed the IRA exempt.  In contrast, the NM Policy had been claimed exempt in Debtors' original schedule C, Trustee had objected to that claim, and the exemption was disallowed.  For this reason, Trustee's objection to Debtors' amended claim of exemption alleged that, because the NM Policy exemption claim had already been disallowed, Debtors were precluded from asserting the same exemption claim again.  Docket No. 37.  As a result, in Trustee's view, setting aside the Court's order disallowing Debtors' amended claim of exemption is of no help to Debtors vis-a-vis their exemption claim in the NM Policy.  However, because of the Court's disposition of Debtors' motion herein, it need not address Trustee's preclusion argument.

MEMORANDUM OF DECISION - 5

2004) (*en banc*) (noting that the standard was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr. D. Idaho 2003). When applying Civil Rule 60(b) to default judgments, the Ninth Circuit has determined that such judgments are disfavored and, whenever possible, actions should be decided by the courts on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2006).

Under Civil Rule 60(b), Debtors bear the burden of proof of showing their entitlement to the relief they seek. *In re Shingleton,* 07.4 I.B.C.R. 73, 73 (Bankr. D. Idaho 2007) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)). Whether relief should be granted under any of the provisions of Civil Rule 60(b) is a question addressed to the sound discretion of the Court. *In re Kirkendall*, 00.3 I.B.C.R. 125, 125 (Bankr. D. Idaho 2000) (citing *Zimmerman v. First Fidelity Bank (In re Silva)*, 97.4 I.B.C.R. 118, 119 (Bankr. D. Idaho 1997) *aff'd*, 85 F.3d 992 (9th Cir. 1999)).

Courts have enunciated three factors to consider in weighing a

MEMORANDUM OF DECISION - 6

request for relief from a default judgment: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Employee Painters' Trust v. Ethan Enters, Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (quoting *TCI,* 244 F.3d at 696); *In re Peralta*, 317 B.R. 381 (9th Cir. BAP 2004). This tripartite test is disjunctive. *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir. 1991); *Cassidy*, 856 F.2d at 1415. "Hence, a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Cassidy*, 856 F.2d at 1415 (quoting *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)) (emphasis in *Cassidy*).

    2. Analysis.

    In his affidavit, Counsel states:

> For reasons unknown to me, I failed to respond to this particular objection. I suspect I felt that my amendment to the Debtors' schedules, clarifying

MEMORANDUM OF DECISION - 7

> the Debtors [sic] entitlement to an exemption in
> the Roth IRA, "covered" the matter and that the
> matter would be resolved by reason of properly
> claiming the IRA as exempt.

Docket No. 45 at ¶ 6. He further states that when Trustee filed his objection to Debtors' amended exemption claim on March 18, 2009, Counsel was out of town. *Id.* at ¶ 7. At oral argument, Counsel cited his "busy practice" as the cause for not responding to this objection. Counsel urges that Debtors are blameless and should therefore not suffer any adverse consequences resulting from his failure to respond to Trustee's objections.[7]

Debtors have not satisfied their burden under the rule. Civil Rule 60(b)(1) does not require a mere showing of neglect, but rather *excusable*

---

[7] While the Court is mindful that Debtors will lose exemptions to which they might have otherwise been entitled, such loss has no part in the analysis under Civil Rule 60(b). Moreover, clients are "considered to have notice of all facts known to their lawyer-agent." *Cmty Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Ringgold Corp. v. Worrall*, 880 F.3d 1138, 1141-42 (9th Cir. 1989)). Because "the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Cmty Dental*, 282 F.3d at 1168 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

MEMORANDUM OF DECISION - 8

neglect. Under these facts, the necessary reasonable "excuse" for not acting is missing. Counsel asserts "unknown reasons", that he was out of town, and that he had a busy practice, as his reasons for failing to respond to Trustee's objection and allowing Debtors' exemption claims to be disallowed. Even the confluence of such factors, however, do not add up to excusable neglect.

The record evidences not just one instance of neglect on Debtors' part – neglect occurred on multiple occasions and was continuing in nature. Trustee initially objected to Debtors' claim of exemptions on December 23, 2008. Over six weeks later, on February 5, 2009, the clerk sent an electronic inquiry to Trustee concerning the status of his objection. Docket No. 30. A copy of this inquiry was sent to Counsel. On March 5, 2009 at 9:55 a.m. Trustee electronically requested at that the Clerk enter an order disallowing the original exemption claim. At 11:31 a.m. that same day, Debtors filed their amended schedule C, which left unchanged, and merely restated the NM Policy exemption claim already objected to by Trustee, and added an additional claim of exemption in the IRA. While it

MEMORANDUM OF DECISION - 9

appears Debtors' amended schedule c, Docket No. 34, and the clerk's order disallowing the original exemption claim, Docket No. 35, may have crossed in the electronic mail, Trustee promptly objected again, this time to Debtors' amended claim of exemption in the NM Policy, and asserted a new objection, this one concerning the IRA. That occurred on March 18, 2009. Docket No. 37.

Nearly seven weeks later, the clerk again electronically prompted Trustee, this time concerning the status of his objection to Debtors' amended claim of exemptions. Docket No. 38. Counsel was also copied with this inquiry, but this time, Debtors took no action in response. Trustee filed an affidavit indicating no response to the objection had been filed, Docket No. 39, and the Court sustained the objection on May 8, 2009. Docket No. 40. It was not until three months later that Debtors, through Counsel, moved to set aside the Court's order. Docket No. 45.

In the motion and supporting submissions, Counsel offers no justification for his failure to respond to Trustee's objections; it appears he simply paid no heed to Debtors' case in this regard. It is undisputed that

MEMORANDUM OF DECISION - 10

Debtors and Counsel received Trustee's objections to their exemptions claims, as well as the Court's orders, and simply failed to act.

"A party's conduct is culpable if he has received actual or *constructive* notice of the filing of the action and failed to answer the complaint." *In re Hammer*, 940 F.2d at 526 (additional citations omitted). Similar logic applies where Debtors and Counsel had notice of Trustee's objections, yet failed to act. Since Debtors and Counsel do not contend that they did not receive the objections in time to respond to them, the Court concludes that their conduct was culpable, and as a result, they have not satisfied their burden of proving that their neglect was excusable. For all of these reasons, the Court declines to set aside the order disallowing Debtors' claims of exemption.[8]

A separate order denying the motion will be entered.

---

[8] There was discussion by the parties during the motion hearing concerning whether the proceeds of the IRA account would be exempt at this time since Trustee liquidated the account. Under the circumstances, the Court expresses no opinion regarding whether, if the IRA account had been deemed exempt, the proceeds in Trustee's possession are likewise exempt.

MEMORANDUM OF DECISION - 11

Dated: November 24, 2009

Honorable Jim D. Pappas
United States Bankruptcy Judge